UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSEPH ROSS PECK, | CASE NO. 16-CV-5454 RJB |
| Petitioner, | 13-CR-5002 RJB |
| v. | ORDER ON MOTION TO STAY |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

This matter comes before the Court on the United States of America's Motion to Stay Decision in Defendant-Petitioner's Motion Pursuant to 28 U.S.C. § 2255. Dkt. 3. The Court has considered the pleadings filed regarding the motion, and the remaining file.

On June 8, 2016, Petitioner filed a petition under 28 U.S.C. § 2255 to vacate and/or correct his sentence based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). Dkt. 1 in *Peck v. U.S.*, U.S. District Court for the Western District of Washington case no. 16-5454 RJB. In *Johnson*, the U.S. Supreme Court held that the residual clause in the Armed Career Criminal Act was unconstitutionally vague. In this case, Petitioner maintains that the convictions used to calculate his offense level under the sentencing guidelines are not "crimes of violence" under

13-CR-5002 RJB- 1

§4B1.2(a)(2) of the U.S. Sentencing Guidelines because *Johnson*'s vagueness holding applies. Dkt. 1. Petitioner further asserts that *Johnson* applies retroactively to cases on collateral review in which the court's Sentencing Guidelines calculation is being challenged. *Id.*

On June 27, 2016, the Supreme Court granted a petition for writ of certiorari in *Beckles v. United States,* No. 15-8544, 2016 WL 1029080 (June 27, 2016). In the interest of judicial economy, the United States now brings this motion, seeking to stay this case until the U.S. Supreme Court decides *Beckles.* Dkt. 3. In *Beckles,* the government contends, the Supreme Court will decide whether *Johnson* applies to §4B1.2(a)(2) of the Sentencing Guidelines, and, if so, whether *Johnson* applies retroactively to cases on collateral review in which a defendant is seeking to challenge the district court's Guidelines calculation. *Id.*

## DISCUSSION

Although a trial court has the inherent authority to control its docket, "habeas proceedings implicate special considerations that place unique limits on a district court's authority to stay a case in the interests of judicial economy." *Yong v. I.N.S.*, 208 F.3d 1116, 1120 (9th Cir. 2000). The Ninth Circuit has "never authorized, in the interests of judicial economy, an indefinite, potentially lengthy stay in a habeas case." *Id.*

The government's motion for a stay (Dkt. 3) should be denied. The government has not shown that a stay, for the sake of judicial economy, is appropriate. *See also Knox v. U.S.*, U.S. District Court for the Western District of Washington case no. 16-5502 BHS, Dkt. 5, and *Miller v. U.S.,* U.S. District Court for the Western District of Washington case no. 16-5486 RBL, Dkt. 4. It is unclear when the Supreme Court will issue a decision in *Beckles.* Accordingly, judicial economy does not justify what may end up being "an indefinite, potentially lengthy stay" in this habeas case.

**ORDER**

The United States of America's Motion to Stay Decision in Defendant-Petitioner's Motion Pursuant to 28 U.S.C. § 2255 (Dkt. 3) **IS DENIED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 1st day of August, 2016.

*[signature: Robert J. Bryan]*

ROBERT J. BRYAN
United States District Judge